Kathie L. BERNA, Peter P. Berna, Sr., Daniel P. Berna, Stephanie Gadwell, Christine Luevanos, Angelene Luevanos, Allen Gunther, Charles Scott, Robert Macleod, Deborah Macleod, Clifford Witting, Gino Stavola, Sandra Johnson, Edward Johnson, Albert Mauricio, Bella Mauricio, Stephanie A. Gadwell, Robert J. Gadwell, Robert T. Gadwell, and all similarly situated and affected individuals, Plaintiffs,

v.

CITY OF DETROIT, Louise Lieberman, Victor Mercado, Gary Fujita, George Ellenwood, John McGrail, Daryl Ivory, William Craft, Gered Richards, Mr. Phraser (employee of City of Detroit), Detroit Wastewater Partners, Means Sverdrup/Wage–Trim, Sverdrup Associates, Inc., Wage–Trim Associates, Inc., Malcolm Prnie, Inc., Applied Science, Inc., Cecil Lue–Hing & Associates, Inc., Sigma Associates, Inc., Charlie Williams & Associates, Inc., Project Innovations, Inc., Consulting Engineering Associates, Inc., Cole Financial Services, Inc., Construction Dynamics Group, Inc., Hishon Environmental Consulting, Inc., Ribway Engineering Group, Inc., Testing Engineering Consultants, Inc., and Tucker Young Jackson Tull, Inc., Defendants.

No. 2:05CV74521.

United States District Court, E.D. Michigan. Southern Division.

Jan. 3, 2006.

Carl L. Collins, III, Detroit, MI, for Plaintiff.

Lisa A. Brown, Mark D. Jacobs, Dykema Gossett, Detroit, MI, Marilyn A. Peters, Dykema Gossett, Bloomfield Hills, MI, James Sukkar, Harvey Kruse, Troy, MI, for Defendant.

## OPINION AND ORDER FINDING JURISDICTION, DENYING THE MOTION TO BE EXCUSED FROM ELECTRONIC FILING, AND ORDERING PLAINTIFFS TO SHOW CAUSE WHY DEFENDANT PHRASER SHOULD NOT BE DISMISSED

FEIKENS, District Judge.

Plaintiffs oppose the removal of this case to federal court, arguing that "due to the nature and independence of the claims in addition to their distinction from federal claims" the case should be remanded to state court.[1] All Defendants supported the removal to federal court. In addition, Plaintiffs move to be excused from electronic filing. For the reasons explained below, I DENY the motion to remand this case and the motion to be excused from electronic filing. In addition, because Defendants allege that Defendant Phraser is dead, I ORDER Plaintiffs, within 14 days from the entry of this order, to show cause why their claims against him should not be dismissed.

### MOTION TO REMAND

■ This Court will construe Plaintiffs' opposition to removal as a motion to remand for lack of federal jurisdiction. Counts 15 and 16 of the Complaint allege a violation of the Constitution of the United States. This alone presents a federal question, and therefore places this case in the original jurisdiction of the federal court. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution.") All the state law claims arise from the same nucleus of operative fact, namely the alleged production of noise and chemical emissions from the City's Wastewater Treatment Plant; therefore, I would have the option of hearing the remaining state law claims under my supplemental jurisdiction. 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

In addition, Plaintiffs request relief that implicates the terms of the Second Amended Consent Judgment in *United States v. City of Detroit, et al.*, case no. 77–71100. Plaintiffs' Complaint alleges that "in reckless disregard of the known injury that results to the Plaintiffs, and with knowledge of the existence of the Federal Clean Water and Pure Air laws [ . . . ] violates the same by overt and intentional acts, practices, policies and customs." (Compl.¶ 23.) Case number 77–71100 is an action to enforce the Clean Water Act, and the Second Amended Consent Judgment, over which this Court exercises oversight, is designed to achieve compliance with that Act. In addition, the requested relief, namely "an order ceasing the operation" of the Wastewater Treatment Plant, would prevent the Detroit Water and Sewerage Department from carrying out its responsibilities under the Second Amended Consent Judgment.[2] Therefore, even absent the counts specifically citing the United States Constitution, I would have jurisdiction to hear this case because it would be necessary to interpret federal law, namely, the Consent Judgment, when evaluating whether the relief requested for the state claims could be granted.

### MOTION TO EXCUSE PLAINTIFF FROM ELECTRONIC FILING

■ Local Rule 5.1.1 provides that I may excuse a party from electronic filing "for good cause shown." Plaintiffs' coun-

---

1. Plaintiffs also argue that the removal would decrease the volume of federal litigation.

2. For example, the Detroit Water and Sewerage Department is required to dewater no less than 550 dry tons per day of sludge and provide secondary treatment of all dry weather flows. (Second Amended Consent Judgment II(A)(1)(b);(C).)

sel argues that his lack of high speed internet access, his lack of experience in the federal court, his use of Lotus Word Pro, and the expense of electronic filing together show good cause. I disagree. High speed internet access, while helpful, is not required for electronic filing. Several computer programs exist that can turn Lotus Word Pro documents into the required ".pdf" format. The expense of traditional service upon the many Defendants in this case is not negligible, so electronic filing is unlikely to have a higher cost than traditional filing (and may even save Plaintiffs some money).

Finally, lack of experience in federal court will not excuse a party from following its rules. I recognize, however, that Plaintiffs' counsel did not expect that he would be pursuing this case in federal court, and therefore, may need some time to explore the many options he has for complying with our local rules. Therefore, I will allow Plaintiffs to file in the traditional manner until January 20, 2006.

**ORDER TO SHOW CAUSE**

Defendants allege that Defendant Phraser is dead, and Plaintiffs do not dispute this in their papers. Therefore, I ORDER Plaintiffs to show cause why the case against Defendant Phraser should not be dismissed. Such a showing must be made within 14 days of the filing of this order.

**CONCLUSION**

Plaintiffs' motion to remand this case to state court is DENIED. Plaintiffs' motion for leave to file in the traditional manner is DENIED. Plaintiffs are ORDERED to show cause, within 14 days of the entry of this order, why the case against Defendant Phraser should not be dismissed.

IT IS SO ORDERED.